

**NUMBER 13-15-00123-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LUCAS MORIN,**                                                                    **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                                                        **APPELLEE.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

# SECOND SUPPLEMENTAL ORDER OF ABATEMENT

### Before Justices Garza, Perkes, and Longoria
### Order Per Curiam

On August 12, 2016, this Court struck the brief filed by counsel because it contained numerous formal defects and the case had not been properly presented. *See* TEX. R. APP. P. 38.9. Specifically, the brief did not comply with Texas Rules of Appellate Procedure 9.4(d),(i), 9.5(e)(2), and 38.1(a),(d), and (g). We ordered appellate counsel

to file, within fifteen days from the date of the order, an amended brief in compliance with the Texas Rules of Appellate Procedure. Counsel did not file a brief and this Court abated the appeal.

The trial court conducted a hearing and made the following findings: appellant desires to pursue his appeal, the brief had not been submitted due to a complication with the formatting of the brief, appellant is indigent, appellant does not wish to have new counsel appointed, and the brief will be submitted in the correct format no later than November 15, 2016. The trial court order states "to accommodate the filing of this brief, it is requested that this case be continued to November 15, 2016."

Counsel has nevertheless failed to file a brief. We are cognizant that appellant's counsel is representing the appellant on a pro bono basis, but we must proceed as necessary to protect appellant's rights on appeal and to obtain a satisfactory submission of the case. Accordingly, we direct the trial court to conduct further proceedings to once again determine the following: 1) determine whether appellant desires to prosecute the appeal; 2) determine why a timely appellate brief has not been filed on behalf of appellant; 3) determine whether appellant is indigent; 4) if appellant is indigent, take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel; and 5) if appellant desires to continue the appeal, determine the date the Court may expect appellant's brief to be filed.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental

reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of December, 2016.